SUNSHINE MOTORS, INC v NEW HAMPSHIRE INSURANCE
COMPANY

Docket No. 162975. Submitted January 17, 1995, at Lansing. Decided
February 22, 1995, at 9:00 A.M.

Sunshine Motors, Inc., brought an action in the Oakland Circuit
Court against New Hampshire Insurance Company, alleging
that the defendant had denied wrongfully a claim for losses
caused when the plaintiff's dealership was flooded when the
partial blocking of a drain occurred during a period of heavy
rains. The defendant denied the claim on the basis of a policy
provision excluding coverage for losses caused by flood, surface
water, or water backing up from a sewer or drain. The trial
court, Edward Sosnick, J., granted summary disposition for the
defendant. The plaintiff appealed.

The Court of Appeals *held*:

The trial court did not err in holding that the language of
the insurance policy clearly excluded coverage under these
circumstances.

Affirmed.

*Fabian & Sklar, P.C.* (by *Jo Robin Davis*), for the
plaintiff.

*Denenberg, Tuffley & Jamieson, P.C.* (by *Susan
Tukel*), for the defendant.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and
MARKEY, JJ.

PER CURIAM. Plaintiff appeals as of right from
an order granting defendant summary disposition
pursuant to MCR 2.116(C)(10) in this case involv-
ing a claim of a breach of an insurance contract.
We affirm.

On August 18, 1991, heavy rains flooded plain-
tiff's car dealership when the local drainage sys-

tem became partially blocked with a piece of wood. Plaintiff sought coverage from defendant-insurer, which denied coverage for certain losses, citing a policy provision excluding coverage for losses caused by flood, surface water, water backing up from a sewer or drain, or certain other events or causes.[1] After plaintiff filed this lawsuit and some discovery was conducted, both parties moved for summary disposition. The trial court granted summary disposition to defendant, ruling as a matter of law that plaintiff's losses were caused by surface water and, therefore, excluded from coverage.

Construction of an insurance contract is a matter of law for the court. *Mueller v Frankenmuth Mutual Ins Co,* 184 Mich App 669, 671; 459 NW2d 95 (1990). A court must enforce an insurance policy in accordance with its terms and may not read ambiguities into the policy where none exist. *Michigan Millers Mutual Ins Co v Bronson Plating Co,* 445 Mich 558, 567; 519 NW2d 864 (1994). Here, the parties' insurance contract clearly and unambiguously excluded coverage for damage caused directly or indirectly by, among other things, flooding, surface water, water backing up from a sewer or drain, contributing weather conditions, or faulty or inadequate maintenance of property on or off the insured's premises. The policy expressly excluded coverage for such losses "regardless of any other cause or event that contributes concurrently or in any sequence to the loss."

It appears to us that plaintiff's losses were the result of an unfortunate sequence or concurrence of direct and indirect causes: heavy rainfall creating surface water that failed to drain away be-

---

[1] Defendant did provide coverage of $25,000 to plaintiff under an optional commercial property extension that provided coverage for losses caused by water that would otherwise be excluded under the policy.

cause of debris blocking the drainage system. See *Fenmode, Inc v Aetna Casualty & Surety Co,* 303 Mich 188; 6 NW2d 479 (1942). See also *Front Row Theatre, Inc v American Manufacturer's Mutual Ins Cos,* 18 F3d 1343 (CA 6, 1994). Plaintiff's claim that the blocked drainage system was "the proximate cause" of its losses misses the point: Whether the blocked drainage system was a direct or indirect cause of plaintiff's water damage, or whether it was *the* principal factor or merely a contributing factor, the policy expressly excluded coverage. Accordingly, plaintiff has failed to assert the existence of a genuine issue of material fact, and the trial court did not err in finding that, as a matter of law, plaintiff's losses plainly were excluded from coverage. Summary disposition was proper.

Affirmed.